**UNITED STATES of America,**
**Appellee,**

v.

**John Timothy REED, Appellant.**

**No. 839, Docket 35499.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1971.

Decided May 19, 1971.

Alfonse C. Fasano, Fasano & Fasano, New Haven, Conn., for appellant.

Leslie Byelas, Asst. U. S. Atty. (Stewart H. Jones, U. S. Atty. for the District of Connecticut, of counsel), for appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

John Timothy Reed appeals from judgment of conviction and sentence for bank robbery and placing in jeopardy, in violation of 18 U.S.C. § 2113(a), (b) and (d), on trial to the jury in the United States District Court for the District of Connecticut, Robert C. Zampano,

Judge. We find no reversible error and affirm the judgment.

Reed was convicted of robbing, with his co-defendant Borelli and one Bernardo, the Wallingford branch of the Colonial Bank & Trust Company. His initial contention is that the evidence was insufficient for conviction. There is no merit in this contention. See the discussion of the evidence in the companion appeal of Borelli. United States v. Borelli, 435 F.2d 500, 501 (2d Cir. 1970), cert. denied, 401 U.S. 946, 91 S.Ct. 963, 28 L.Ed.2d 229 (1971).[1] Counsel makes a valiant effort to discredit the testimony as to identity of a leopard tattoo on Reed's arm and that shown in the bank movies of one of the robbers. But exact measurements from the film are not possible, and the jury was entirely justified in concluding that it was indeed Reed's arm and Reed's leopard shown in the movie. Bernardo's testimony also placed Reed in the motel across from the bank a short time before the robbery.

■ Reed attacks also limitation on cross-examination of the witness Johnson, a bank employee, on identification. Identification was not, however, the subject of the direct, and the limitation of cross to the subject of direct was well within the court's discretion. See McCormick, Law of Evidence, at 43 (1954); cf. United States v. Giddins, 273 F.2d 843, 845 (2d Cir.), cert. denied 362 U.S. 971 (1960). Johnson could have been recalled as a defense witness if counsel desired.

We find no error in the court's allowing the witness Bernardo to refresh his recollection from a written statement.

■ The record is not entirely clear as to the basis for a restriction on cross examination of Bernardo as to pending state court resisting arrest and assault charges. Apparently the court concluded that since in testimony out of the presence of the jury Bernardo denied the truth of these charges and asserted his intention to fight them and seek no leniency on them, they were irrelevant to any issue of bias of the witness. This ruling seems doubtful, and counsel might better have been allowed to examine further. The ruling, however, could hardly have been harmful, since the pendency of state charges on which Bernardo had already pleaded, was waiting sentence and was hoping for leniency was thoroughly explored, as well as his hope for leniency on the serious federal charges and his expectation that his cooperation would be brought to the attention of the sentencing judges.

We have considered the other questions raised and find no error. Judgment affirmed.

---

1. "On June 26, 1969, two men held up the Wallingford, Connecticut branch of the Colonial Bank & Trust Company at gunpoint, taking $28,000 in currency. Although both men had covered their faces with stocking masks, appellant Borelli's co-defendant, John Reed, was quickly implicated in the robbery. On June 28, a New Haven police officer recovered a pillow case from a river. The case contained, among other things, a blue shirt with gold trim, two pairs of shoes, and money wrappers. The contents were brought to the New Haven detective bureau where an officer recognized the blue shirt as one he had seen John Reed wearing on June 24. The size of the larger pair of shoes was also found to be that previously worn by Reed.

Reed was further implicated when film of the robbery taken by the bank's camera was developed. Enlargements of that film showed that the taller of the two holdup men had peculiar tattoo markings on one forearm. At trial, an FBI specialist compared this film with photographs of Reed's forearm and concluded that the markings were identical."